# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS SHIMMEL, as Personal
Representative of the ESTATE OF
BENJAMIN SHIMMEL,

          Plaintiff,

-vs-

Case No. 1:21-cv-00358
Hon. Hala Y. Jarbou
Mag. Ray Kent

MICHIGAN DEPARTMENT OF CORRECTIONS,
JOHN FARAGO, JASON SCHULTZ, LATHAM
SCHLAFLEY, CLAYTON SETZER, ANDREW
TIGHE, DANIEL JORISSEN, WILLIAM FISK,
BEN SNAY, GIDEON MITCHELL, ADDIE
BRISKE, WILLIAM DRAKE, KEVIN HALL,
DANIEL ANTES, BRIAN ROBEL, and DAVID
SAUNDERS, in their individual capacities,

          Defendants.

| | |
|---|---|
| Jonathan R. Marko (P72450) | JAMES T. FARRELL (P35400) |
| Katherine H. Olds (P84603) | SCOTT R. ROTHERMEL (P70711) |
| **MARKO LAW, PLLC** | **DEPT OF ATTORNEY GENERAL** |
| Attorney for Plaintiff | Attorney for Defendant MDOC |
| 1300 Broadway, Fifth Floor | 525 W. Ottawa Street, Fl 4PO #30217 |
| Detroit, MI 48226 | Lansing, MI  48933-1067 |
| P: (313) 777-7529 / F: (313) 771-5728 | P: (517) 335-3055 / F: (517) 335-7070 |
| jon@markolaw.com | farrellj@michigan.gov |
| katherine@markolaw.com | rothermels@michigan.gov |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS
## AND FOR SUMMARY JUDGMENT

    NOW COMES Plaintiff, Thomas Shimmel, as Personal Representative of the

Estate of Benjamin Shimmel, deceased, by and through his counsel Marko Law,

Page **1**

PLLC, and for his response to Defendants' Motion to Dismiss and for Summary

Judgment respectfully asks this Court to **DENY** Defendants' motion.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Dated: July 22, 2021

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

THOMAS SHIMMEL, as Personal
Representative of the ESTATE OF
BENJAMIN SHIMMEL,

         Plaintiff,                        Case No. 1:21-cv-00358

-vs-                                     Hon. Hala Y. Jarbou
                                              Mag. Ray Kent

MICHIGAN DEPARTMENT OF CORRECTIONS,
JOHN FARAGO, JASON SCHULTZ, LATHAM
SCHLAFLEY, CLAYTON SETZER, ANDREW
TIGHE, DANIEL JORISSEN, WILLIAM FISK,
BEN SNAY, GIDEON MITCHELL, ADDIE
BRISKE, WILLIAM DRAKE, KEVIN HALL,
DANIEL ANTES, BRIAN ROBEL, and DAVID
SAUNDERS, in their individual capacities,

         Defendants.

| | |
|---|---|
| Jonathan R. Marko (P72450) | JAMES T. FARRELL (P35400) |
| Katherine H. Olds (P84603) | SCOTT R. ROTHERMEL (P70711) |
| **MARKO LAW, PLLC** | **DEPT OF ATTORNEY GENERAL** |
| Attorney for Plaintiff | Attorney for Defendant MDOC |
| 1300 Broadway, Fifth Floor | 525 W. Ottawa Street, Fl 4PO #30217 |
| Detroit, MI 48226 | Lansing, MI  48933-1067 |
| P: (313) 777-7529 / F: (313) 771-5728 | P: (517) 335-3055 / F: (517) 335-7070 |
| jon@markolaw.com | farrellj@michigan.gov |
| katherine@markolaw.com | rothermels@michigan.gov |

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

Table of Contents ............................................................................................. i

Index of Authorities ......................................................................................... iii

Statement of Facts ........................................................................................... 1

Standard of Review .......................................................................................... 3

Argument ........................................................................................................... 7

   I.   Defendants' reliance on matters outside the pleadings is improper
      for a motion to dismiss ............................................................................. 7

   II.  Defendants' Motion to Dismiss fails because Plaintiff's
      Complaint sufficiently states plausible claims for relief ........................... 8

       A. Plaintiff sufficiently states a claim for relief under
         the Eighth Amendment against all Defendants ................................. 9

       B. Plaintiff sufficiently states a claim against Defendant
         MDOC under the Americans with Disabilities Act
         (ADA) and Rehabilitation Act (RA) ................................................. 13

  III.  Even if this Court decides to consider the exhibits attached
       to Defendants' Motion to Dismiss—making it a Motion for
       Summary Judgment—this Court should still deny Defendants'
       motion ...................................................................................................... 15

  IV.  Defendants are not entitled to Qualified Immunity at the Motion
       to Dismiss stage because Plaintiff stated plausible claims for relief
       and discovery has yet to occur ................................................................. 17

   V.  Even if this Court considers Defendants' Motion for
      Summary Judgment, Defendants are not entitled to Qualified

MARKO LAW

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKOLAW.COM

Immunity because Plaintiff sufficiently pleaded that each
Defendant was personally involved, and Plaintiff adequately
alleges the commission of acts that violated clearly established law......... 18

    A.  Clearly Established Law.................................................................. 18

    B.  Personal Involvement.................................................................... 19

VI.   If this Court determines that Plaintiff's Complaint is deficient,
Plaintiff requests that this Court grant him leave to amend ...................... 23

Conclusion ................................................................................................ 24

# INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...................................................... 4, 11, 12

*Adickes v. Kress & Co.*, 398 U.S. 144 (1970) ...................................................... 6

*Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015) ............................... 14

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ......................................... 6

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008) ............. 4, 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................... 4, 11

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) .................................................... 6

*Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001) ...................................................... 22

*Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001) .................................. 6

*Dickerson v. McClelland*, 101 F.3d 1151 (6th Cir. 1996) .................................... 22

*Doe v. Wigginton*, 21 F.3d 733 (6th Cir. 1994) .................................................. 17

*Farmer v. Brennan*, 511 U.S. 825 (1994) ......................................................... 9

*Gohl v. Livonia Pub. Sch. Dist.*, 836 F.3d 672 (6th Cir. 2016) ........................... 14

*Gray v. City of Detroit*, 399 F.3d 612 (6th Cir. 2005) ........................................ 18

*Jackson v. Schultz*, 429 F.3d 586 (6th Cir. 2005) .............................................. 19

*Marvaso v. Sanchez*, 971 F.3d 599 (6th Cir. 2020) ........................................... 17

*Mingus v. Butler*, 591 F.3d 474 (6th Cir. 2010) ................................................. 14

*Neitzke v. Williams*, 490 U.S. 319 (1989) .......................................................... 5

*Pa. Dep't of Corrs. v. Yeskey*, 524 U.S. 206 (1998) ............................................... 14

*Rhinehart v. Scutt*, No. 2:11-CV-11254-DT, 2004 WL 5361936
(E.D. Mich. June 20, 2014) ................................................................................. 17

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) .................. 7

*Rondigo L.L.C. v. Twp. of Richmond*, 641 F.3d 673 (6th Cir. 2011) ...... 5, 8, 15, 18

*Sova v. City of Mt. Pleasant*, 142 F.3d 898 (6th Cir. 1998) .................................. 7

*Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002) ... 9

*Troutman v. Louisville Metro Dep't. of Corr.*, 979 F.3d 472 (6th Cir. 2020) ...... 18

*Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784
(6th Cir. 2005) ..................................................................................................... 16

*United States* ex rel. *Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634
(6th Cir. 2003) ..................................................................................................... 23

*Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600 (W.D. Mich. 2010) ... 16

*Wilson v. Seiter*, 501 U.S. 294 (1991) ................................................................... 9

*Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509 (6th Cir. 2001) ............................... 23

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................. 3

Fed. R. Civ. P. 12(b)(6) ................................................................................ 3, 4, 5, 8,12

Fed. R. Civ. P. 56(c) ................................................................................................ 6

## STATEMENT OF FACTS

Benjamin Shimmel, a 21-year-old boy known to have suicidal ideations, was incarcerated at Oaks Correctional Facility at the time of his completed suicide on December 5, 2019. (ECF No. 1, Pl.'s Compl., PageID.7, ¶26). Prior to his death, Benjamin had four psychiatric hospitalizations and a long history of mental illness, including, but not limited to bipolar disorder, panic disorder, psychosis, anxiety, depression, and addiction to drugs and alcohol. (ECF No. 1, PageID.7, ¶27). He started experiencing symptoms of mental illness when he was about eight years old when he was sexually assaulted. (ECF No. 1, PageID.7, ¶27).

On or about December 2, 2019, the Michigan Department of Corrections ("MDOC") Bureau of Health Care Services evaluated Benjamin because he expressed suicidal thoughts and reported that he was hearing voices that were telling him to kill himself. (ECF No. 1, PageID.7, ¶28). During the evaluation, Benjamin expressed that he wanted to "make a shank out of a paper clip" and then began scratching his wrist with a paperclip and a pen. (ECF No. 1, PageID.7, ¶28). Benjamin even reported suicide plans such as running to the fence so guards would shoot him or punching someone so that he would be beaten to death. (ECF No. 1, PageID.7, ¶28). In response, Benjamin was placed on a moderate management plan for observation. (ECF No. 1, PageID.7, ¶28).

Then, on or about December 3, 2019, Benjamin was reevaluated and kept on the moderate risk plan, and he was transferred from Central Michigan Correctional Facility to St. Louis Correctional Facility for observation. (ECF No. 1, PageID.8, ¶29). Benjamin was combative and he hit the ceiling of the showers with his open hands and knuckles, causing abrasions. (ECF No. 1, PageID.8, ¶29).

On or about December 4, 2019—only two days after Benjamin expressed suicidal thoughts and plans to commit suicide—Oaks Correctional Facility was notified that Plaintiff was an intermediate suicide risk pending transfer. (ECF No. 1, PageID.8, ¶30). The next day, December 5, 2019, Benjamin was transferred to Oaks Corrections Facility while placed on intermediate suicide risk, and Benjamin was placed in segregation. (ECF No. 1, PageID.8, ¶31). Importantly, Oaks Correctional Facility and each of the Defendants named in this action, had notice that Benjamin had a history of mental health illness and that he had just reported suicidal thoughts and auditory hallucinations telling him to kill himself just three days prior. (ECF No. 1, PageID.8, ¶31). Further, at all times relevant to this action, Benjamin displayed a disheveled appearance, depressed mood, discouraged attitude, poor impulse control, poor judgment, and poor insight. (ECF No. 1, PageID.9, ¶34).

Despite this knowledge, staff at Oaks Corrections Facility decided not to meet with Benjamin for an evaluation until the day after he arrived at the facility. (ECF No. 1, PageID.8, ¶31). Moreover, despite Benjamin's documented history of suicidal

Page **2**

ideations and mental illness, Defendants Officers Farago, Schultz, Schlafley, Setzer, Tighe, Jorrisen, Snay, Hall, and Fisk, Defendant Sergeant Mitchell, and Defendant Registered Nurses Briske and Drake left Benjamin alone in his cell, which allowed Benjamin to commit suicide. (ECF No. 1, PageID.9, ¶33).

Further, Defendant Officers Farago, Schultz, Schlafley, Setzer, Tighe, Jorrisen, Fisk, Snay, Hall, Antes, Robel, and Saunders, Defendant Sergeant Mitchell, and Defendant Registered Nurses Briske and Drake deprived Benjamin of proper care and attention, despite his known suicide risk. (ECF No. 1, PageID.9, ¶35). These Defendants failed to provide Benjamin with a proper mental health examination and failed to treat and/or help Benjamin, although Defendants had an opportunity and duty to do so.  (ECF No. 1, PageID.10, ¶37).

## STANDARD OF REVIEW

Defendants' motions for dismissal and summary judgment are made pursuant to Federal Rules of Civil Procedure 12 and 56, respectively.

Defendants seek dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While detailed factual allegations are not necessary, the complaint must

contain more than "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

   To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; see also *Iqbal*, 129 S. Ct. at 1949–50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. As the Supreme Court instructed in *Iqbal*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A complaint need only "contain sufficient factual matter" to be "plausible." *Id*. at 1949. A court may not dismiss a complaint for factual implausibility "even if it [would] strike[] a savvy judge that . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

   Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs. *Bassett v. Nat'l Collegiate Athletic Ass'n*,

528 F.3d 426, 430 (6th Cir. 2008).[1] A court may not consider whether the factual

allegations are probably true; rather, the reviewing court <u>must</u> take the allegations as

true, no matter how skeptical the court may be. *See Twombly*, 550 U.S. at 555 (a

court must proceed "on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)"); see also *Neitzke v. Williams*, 490 U.S. 319, 327

(1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's

disbelief of a complaint's factual allegations"). As Justice Souter artfully explained

in his dissenting opinion in *Iqbal*:

> The <u>sole exception</u> to this rule lies with allegations that are sufficiently
> fantastic to defy reality as we know it: claims about little green men, or
> the plaintiff's recent trip to Pluto, or experiences in time travel. [*Iqbal*,
> 129 S. Ct. at 1959 (emphasis added).]

Importantly, "[a]ssessment of the facial sufficiency of the complaint ***must***

ordinarily be undertaken ***without resort to matters outside the pleadings***." *Rondigo*

*L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (emphasis added).

"If a court does consider material outside the pleadings, the motion to dismiss ***must***

be treated as a motion for summary judgment under Rule 56 and all parties must be

given a reasonably opportunity to present all material pertinent to the motion." *Id.*

(emphasis added).

---

[1] Indeed, "the tenet that a court must accept as true all of the allegations contained in a
complaint is inapplicable to legal conclusions." *Iqbal,* 129 S. Ct. at 1949.

> However, a court may consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss ***so long as*** they are referred to in the complaint ***and*** are central to the claims contained therein," without converting the motion to one for summary judgment.

*Id.* at 680–81 (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added)).

Summary judgment is appropriate only where the pleadings, affidavits, and responses to discovery "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether there is a genuine issue of material fact, ***the record is viewed in the light most favorable to the nonmoving party***. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Under Rule 56(c), the moving party has the burden of establishing that there are no genuine issues of material fact and that he is entitled to a judgment as a matter of law. *Adickes v. Kress & Co.*, 398 U.S. 144, 159–160 (1970); *Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001).

A material fact is "one that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Credibility determinations, weighing the evidence, and drawing legitimate inferences from the facts are jury functions, not those of the

Page **6**

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

judge. . ." *Id.* at 255. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn" in the nonmovant's favor. *Id.* It is reversible error to rely on a defense-favorable version of the facts over that offered by the non-movant. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 903 (6th Cir. 1998). While the court must review the record as a whole, it must "disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000).

When the facts, set forth above, are considered in the light most favorable to Plaintiffs, and all reasonable inferences are drawn in Plaintiffs' favor, it is clear that Defendants' Motion to Dismiss and for Summary Judgment must be denied.

## ARGUMENT

## I.   Defendants' reliance on matters outside the pleadings is improper for a motion to dismiss.

Defendants' Motion to Dismiss improperly relies on documents and affidavits that are not attached to Plaintiff's Complaint nor referred to in Plaintiff's Complaint. Defendants introduced twenty exhibits—all of which were not included in the original pleadings—in their Motion to Dismiss. Defendants rely on these exhibits to support their argument that Plaintiff's Complaint fails to state any claims upon which relief can be granted. (Def's Mot. to Dismiss and for Summ. J., ECF No. 31, PageID.119). For instance, Defendants attached statements from each of the named

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

Defendants to show that they allegedly had no knowledge that Benjamin was present at Oaks Corrections Facility. Defendants also attached documents from the Michigan State Police, the Manistee County Medical Examiner's Office, and the MDOC.

However, a court, in reviewing a Rule 12(b)(6) motion, must assess the "facial sufficiency of the complaint . . . without resort to matters outside the pleadings." *Rondigo L.L.C. v. Twp. of Richmond*, 641 F3.d 673, 680 (6th Cir. 2011). Therefore, the exhibits that Defendants attached to their Motion to Dismiss must not be considered by this Court when deciding whether to grant or deny Defendants' Motion to Dismiss.

## II.   Defendants' Motion to Dismiss fails because Plaintiff's Complaint sufficiently states plausible claims for relief.

Plaintiff's Complaint asserts three claims against Defendants. Count I of Plaintiff's Complaint alleges a violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment against all Defendants. (ECF No. 1, PageID.11). Count II alleges a violation of the Americans with Disabilities Act (ADA) against Defendant MDOC for a failure to accommodate. (ECF No. 1, PageID.14). Count III alleges a violation of the Rehabilitation Act of 1973 against Defendant MDOC. (ECF No. 1, PageID.15). Plaintiff's Complaint pleads sufficient facts that establish a plausible claim to relief for each count.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

ⓂMARKO LAW

**A. Plaintiff sufficiently states a claim for relief under the Eighth Amendment against all Defendants.**

The Eighth Amendment "prohibits the infliction of cruel and unusual punishment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Defendants do not contest at any point in their Motion to Dismiss whether Benjamin's mental illness and suicidal ideations constitute an objectively, sufficiently serious medical need under the Eighth Amendment. Rather, Defendants contest the subjective component.

The subjective component of an Eighth Amendment claim requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference "entails something more than mere negligence," but it is also "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that

harm will result." *Id.* at 835. "[T]he Courts of Appeals have routinely equated deliberate indifference with recklessness." *Id.* at 836.

Here, Plaintiff's Complaint sufficiently pleads factual content that allows this Court to draw the reasonable inference that Defendants knew of and disregarded an excessive risk to Benjamin's health and safety. First, Plaintiff's Complaint provides factual assertions that Benjamin had a history of psychiatric hospitalizations and a "very long history of mental illness, including, but not limited to bipolar disorder, panic disorder, psychosis, anxiety, depression, and addiction to drugs and alcohol." (ECF No. 1, PageID.7, ¶27). Additionally, the Complaint indicates that the MDOC Bureau of Health Care Services evaluated Benjamin on December 2, 2019, because Benjamin had expressed suicidal thoughts and reported that he was hearing voices that were telling him to kill himself. (ECF No. 1, PageID.7, ¶28). During this session, Benjamin stated that he wanted to "make a shank out of a paper clip" and then began scratching his wrist with a paperclip and a pen. (ECF No. 1, PageID.7, ¶28). After this evaluation, Benjamin was placed on a moderate management plan for observation. (ECF No. 1, PageID.7, ¶28).

The following day—December 3, 2019—Benjamin was reevaluated and kept on the moderate risk plan, and Benjamin was transferred from Central Michigan Correctional Facility to St. Louis Correctional Facility for observation. (ECF No. 1, PageID.7, ¶29). During this time, Benjamin was combative, and he inflicted harm

on himself by hitting the ceiling of the showers with his open hands and knuckles. (ECF No. 1, PageID.7, ¶29).

Then—important to Plaintiff's Eighth Amendment claim—notification was provided to Oaks Correctional Facility on December 4, 2019, about Plaintiff's intermediate suicide risk. (ECF No. 1, PageID.7, ¶30). Further, Plaintiff's Complaint states that each of the individually named Defendants "had notice that [Benjamin] had a history of mental health illness and that he had just reported suicidal thoughts and auditory hallucinations telling him to kill himself three days prior." (ECF No. 1, PageID.7, ¶31).

Despite these factual allegations, Defendants assert that Plaintiff's Complaint fails to assert "when each defendant observed or spoke with Shimmel before he committed suicide so they could have had information to draw an inference of a strong likelihood that Shimmel would attempt suicide." (ECF No. 31, PageID.122). Yet, Defendants did not have to observe or speak with Shimmel to draw an inference that Benjamin was at risk of attempting suicide. Further, this disregards the standard of review for a Motion to Dismiss, which only requires that Plaintiff plead factual content that allows the court to ***draw the reasonable inference that the defendant is liable*** for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); s*ee Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (stating

that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations").

Pursuant to *Ashcroft* and *Twombly*, Plaintiff's Complaint pleads sufficient factual content that allows this Court to draw the reasonable inference that each Defendant had knowledge that Benjamin was at a significant risk of committing suicide. First, the Complaint asserts that notice was provided to Oaks Correctional Facility about Benjamin's intermediate suicide risk, and it asserts that each of the individually named Defendants had notice that Benjamin had a history of mental health illness and that he had just reported suicidal thoughts and auditory hallucinations telling him to kill himself three days prior. (ECF No. 1, PageID.8, ¶¶30–31). However, even if these allegations are not enough to demonstrate Defendants' knowledge, the fact that Defendants placed Benjamin in segregation, when viewed in combination with the rest of the Complaint, allows this Court to draw the inference that Defendants knew Benjamin was at risk of committing suicide. Further, the staff even intended to conduct an evaluation of Benjamin, but their deliberate indifference to Benjamin's serious medical needs resulted in them delaying Benjamin's evaluation until the following day because Benjamin arrived at the facility "late" at 3:25PM. (ECF No. 1, PageID.8, ¶31). (ECF No. 1, PageID.11, ¶41). Indeed, these factual allegations allow this Court to reasonably infer that Defendants had knowledge of Benjamin's risk of suicide.

Page **12**

Further, Plaintiff's Complaint sufficiently pleads personal involvement of each Defendant. Plaintiff's Complaint states that Defendants Farago, Schultz, Schlafley, Setzer, Tighe, Jorrisen, Snay, Hall, and Fisk, Defendant Sergeant Mitchell, and Defendant Registered Nurses Briske and Drake were responsible for the safety and wellbeing of the inmates at Oaks Corrections Facility on December 5, 2019. (ECF No. 1, PageID.9, ¶33). Yet, despite this responsibility, each of the aforementioned Defendants "failed to obtain the necessary help and/or treatment for [Benjamin]" and they refused "to provide [Benjamin] with the treatment he so desperately and obviously required" when he arrived at Oaks Correctional Facility on December 5, 2019. (ECF No. 1, PageID.10, ¶40). (ECF No. 1, PageID.11, ¶41). Furthermore, the aforementioned Defendants, along with Defendants Antes, Robel, and Saunders, "deprived Mr. Shimmel of proper care and attention, despite his known suicide risk." (ECF No. 1, PageID.9, ¶35).

Because Plaintiff's Complaint sufficiently pleads factual content that allows this Court to draw the reasonable inference that each Defendant is liable for the misconduct alleged, Plaintiff's Eighth Amendment claim should not be dismissed.

**B. Plaintiff sufficiently states a claim against Defendant MDOC under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA).**

"Title II of the ADA provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, 'be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Mingus v. Butler*, 591 F.3d 474, 481–82 (6th Cir. 2010) (citing 42 U.S.C. § 12132). Importantly, the ADA applies to state prisons. *Pa. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 209–10 (1998) ("[T]he ADA plainly covers state institutions *without* any exception that could cast the coverage of prisons into doubt.").

To state a claim "under Title II of the ADA, a plaintiff must show that: (1) [he] has a disability; (2) [he] is otherwise qualified; and (3) [he] was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of [his] disability." *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). The same elements are required for a discrimination claim under the Rehabilitation Act ("RA"); however, the RA also requires that the program receive "federal financial assistance." *Gohl v. Livonia Pub. Sch. Dist.*, 836 F.3d 672, 682 (6th Cir. 2016).

Defendants' only argument against Plaintiff's ADA and RA claims is that Plaintiff fails to "allege that Shimmel was discriminated against, or that he was unable to participate in or receive the benefit of a service, program, or activity available to other inmates by reason of that disability." (ECF No. 31, PageID.125). However, Plaintiff's Complaint states that Defendants "could have and should have provided [Benjamin] with treatment and care required for inmates with known

Page **14**

suicidal ideation." (ECF No. 1, PageID.11, ¶42). As previously discussed, Plaintiff's Complaint sufficiently alleged that Defendants knew Benjamin was at significant risk of committing suicide. Yet rather than treat and care for Benjamin in accordance with how they would treat other inmates with known suicidal ideation, Defendants did not properly accommodate and care for Benjamin. Indeed, Defendants made the deliberate decision to not evaluate Benjamin on the day that he arrived at Oaks Correctional Facility—despite their knowledge of his suicide risk—and instead, delayed the evaluation until the following day. (ECF No. 1, PageID.8, ¶31).

Because Plaintiff's Complaint sufficiently alleged that he was unable to participate in or receive the benefit of a service, program, or activity available to other inmates by reason of his disability, Plaintiff has stated claims for relief under the ADA and RA.

**III.    Even if this Court decides to consider the exhibits attached to Defendants' Motion to Dismiss—making it a Motion for Summary Judgment—this Court should still deny Defendants' motion.**

If this Court decides to consider the exhibits, which are matters outside the pleadings, Defendants' Motion to Dismiss must be treated as a Motion for Summary Judgment under Rule 56. *See Rondigo L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) ("If a court does consider material outside the pleadings, the motion to dismiss ***must*** be treated as a motion for summary judgment under Rule 56.").

However, it would be premature and inappropriate to resolve a Motion for Summary Judgment at this time. *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (noting that, in contrast to a motion to dismiss, "a motion for summary judgment may not be granted until a plaintiff has had an opportunity for discovery."); *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's Rule 56(f) affidavit and request or on the court's own initiative without an explicit request from the opposing party.").

Here, Defendants have sought summary judgment at the pleadings stage before they have filed an answer and before discovery has even started. Defendants argue that some of them had no knowledge of Benjamin's diagnosis or mental health issues; therefore, Defendants argue they are entitled to qualified immunity and summary judgment. Plaintiff, on the other hand, contends that the Defendants were deliberately indifferent to Benjamin's serious medical needs, and they were so reckless as to demonstrate a substantial lack of concern for whether an injury resulted. Because Plaintiff has not had an opportunity to engage in discovery that will produce facts in support of Plaintiff's claims, this Court should deny Defendants' premature Motion for Summary Judgment.

**IV.    Defendants are not entitled to Qualified Immunity at the Motion to Dismiss stage because Plaintiff stated plausible claims for relief and discovery has yet to occur.**

To establish a § 1983 claim, a "plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or the laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law." *Rhinehart v. Scutt*, No. 2:11-CV-11254-DT, 2004 WL 5361936, at *13 (E.D. Mich. June 20, 2014); *see also Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994). In this case, Plaintiff asserts that Defendants violated Benjamin's Eighth Amendment right to be free from deliberate indifference to Benjamin's medical needs. U.S. Const. amend. VIII. Further, Plaintiff's deprivation of these rights occurred because of Defendants' conduct while Defendants were employees of Oaks Correctional Facility, which is operated by the Michigan Department of Corrections. Therefore, the complaint sufficiently states a § 1983 claim.

Defendants now bring a Motion for Summary Judgment based on qualified immunity. However, the Sixth Circuit has made it clear that "granting qualified immunity at the motion to dismiss stage is usually disfavored." *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). The Circuit "generally denies qualified immunity at the motion to dismiss stage in order for the case to proceed to discovery, so long as the plaintiff states a plausible claim for relief." *Id.* at 606. Because Plaintiff

sufficiently stated claims for relief, and because no discovery has occurred, this Court should deny Defendants' Motion for Summary Judgment.

**V.    Even if this Court considers Defendants' claim to Qualified Immunity, they are not entitled to Qualified Immunity because Plaintiff sufficiently pleaded that each Defendant was personally involved, and Plaintiff adequately alleges the commission of acts that violated clearly established law.**

"When the qualified immunity defense is raised at the pleading stage, the court must determine only whether the complaint 'adequately alleges the commission of acts that violated clearly established law.'" *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (citing *Back v. Hall*, 537 F.3d 552, 555–56 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))). In this case, Plaintiff adequately alleged that the named Defendants were personally involved in violating clearly established law of the Eighth Amendment through their deliberate indifference to Benjamin's serious medical needs.

### A. Clearly Established Law

First, it is clearly established that inmates have a constitutional right to suicide screenings and to be placed in suicide safe facilities when they have "demonstrated a strong likelihood of committing suicide." *Gray v. City of Detroit*, 399 F.3d 612, 616 (6th Cir. 2005); *see also Troutman v. Louisville Metro Dep't. of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020) (citing *Horn v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) ("Psychological needs may constitute such 'serious medical needs'

Page **18**

particularly when those psychological needs 'result in suicidal tendencies.'"). Because it is clear that a violation of a clearly established constitutional right could be found, Defendants' Motion for Summary Judgment should be denied. *See Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005) (stating that a court may dismiss a complaint at the pleading stage on the basis of qualified immunity "***only if*** it is clear that no violation of a clearly established constitutional right could be found under any set of facts that could be proven consistent with the allegations or pleadings") (emphasis added).

### B. Personal Involvement

Second, as discussed in subsection II.A, Plaintiff's Complaint sufficiently pled personal involvement of each Defendant. However, Defendants assert that none of them had personal involvement in the alleged claims because none of them allegedly had knowledge about Benjamin's residence at the Oaks Corrections Facility. But these statements do not completely abdicate Defendants of all knowledge about Benjamin's risk of suicide.

In ten of the statements provided by Defendants (Antes, Fisk, Hall, Robel, Saunders, Setzer, Schultz, Snay, Tighe, and Jorrisen), the statements indicate: "On December 5, 2019 he had no knowledge that Shimmel's psychological needs were manifesting themselves into suicidal tendencies, and, thus, he was not cognizant of a significant likelihood that Shimmel was likely to imminently seek to take his own

life." (ECF No. 31-7, PageID.245). (ECF No. 31-11, PageID.257). (ECF No. 31-12,

PageID.260). (ECF No. 31-13, PageID.263). (ECF No. 31-14, PageID.266). (ECF

No. 31-16, PageID.272). (ECF No. 31-17, PageID.275). (ECF No. 31-18,

PageID.278). (ECF No. 31-19, PageID.281). (ECF No. 31-21, PageID.287). These

statements also assert that these Defendants did not "have any interaction with

Shimmel before Shimmmel committed suicide.

> Similarly, Defendant Schlafley's statement asserts:

> He did not have any interaction with Shimmel before Shimmel
> committed suicide in his cell on December 5, 2019. Hence, he was not
> aware that Shimmel's psychological needs were manifesting
> themselves into suicidal tendencies, and, thus, he was not cognizant of
> a significant likelihood that Shimmel was likely to imminently seek to
> take his own life.

(ECF No. 31-15, PageID.269). This statement essentially alleges that because

Defendant Schlafley did not interact with Benjamin before Benjamin committed

suicide, Defendant Schlafley could not have known about Benjamin's psychological

needs and suicidal tendencies. Next, Defendant Farago's statement asserts that he

was not cognizant of a significant likelihood that Benjamin was likely to imminently

seek to take his own life because Farago had no interaction with Benjamin before he

committed suicide, and Farago had no access to, or knowledge of, Benjamin's

medical and mental health records. (ECF No. 31-10, PageID.254).

While all the above statements allege that the respective Defendants did not have knowledge that Benjamin's psychological needs were manifesting themselves into suicidal tendencies on December 5, 2019, these statements do not prove that Defendants lacked notice of Benjamin's suicidal ideations and history of mental illness from when notice of Benjamin's "intermediate suicide risk" was provided to Oaks Correctional Facility on December 4, 2019. (ECF No. 1, PageID.8, ¶30).

The remaining three statements of Defendants Briske, Drake, and Mitchell, admit that each of them had interactions with Benjamin while he was at Oaks Correctional Facility. (ECF No. 31-8, PageID.248). (ECF No. 31-9, PageID.251). (ECF No. 32, PageID.290). The statements from Defendants Drake and Briske assert that they did not observe anything about Benjamin's appearance that raised their concerns that he was a suicide risk. (ECF No. 31-8, PageID.248). (ECF No. 31-9, PageID.251). However, these statements contradict documented observations of Benjamin contained in medical records from the day prior, which state that he was "disheveled;" "limp;" in a depressed mood; and had poor impulse control, judgment, insight, and reasoning. (ECF No. 31-6, PageID.208). Further, and most notably, Defendant Drake's statement does not, in any manner, assert that he lacked knowledge or awareness of Benjamin's psychological needs or suicidal tendencies. (ECF No. 31-8).

Lastly, Defendant Mitchell's statement, which admits to his interaction with Benjamin, includes a statement that he did not know about Benjamin's psychological needs and suicidal tendencies on December 5, 2019. (ECF No. 32, PageID.289). However, as discussed above, this does not prove that Defendant Mitchell lacked notice of Benjamin's suicidal ideations and history of mental illness from when notice of Benjamin's "intermediate suicide risk" was provided to Oaks Correctional Facility on December 4, 2019. (ECF No. 1, PageID.8, ¶30).

Not only should this Court deny Defendants' Motion for Summary Judgment because the Defendants' statements do not conclusively prove they each lacked knowledge, but the issue of a defendant's actual knowledge should not be resolved on summary judgment. *Curry v. Scott*, 249 F.3d 493, 508 (6th Cir. 2001). Instead, the issue of a defendant's actual knowledge should be left to the trier of fact. *Id.* Moreover, summary judgment is not appropriate if there is a genuine factual dispute relating to whether defendants committed acts that allegedly violated clearly established rights. *Dickerson v. McClelland*, 101 F.3d 1151, 1158 (6th Cir. 1996).

Importantly, in this case, discovery has not even started. However, MDOC records indicate that Oaks Corrections Facility was notified on December 4, 2019, of Benjamin's mental health status. (ECF No. 31-6, PageID.208). Further, MDOC records indicate that Benjamin was at an intermediate risk of suicide or self-injury on December 5, 2019. (ECF No. 31-6, PageID.208).

Because Plaintiff has sufficiently pled personal involvement of each Defendant, and because Defendants' statements do not completely abdicate their knowledge of Benjamin's serious psychological needs and suicidal ideations, this Court should deny Defendants' Motion for Summary Judgment.

**VI.    If this Court determines that Plaintiff's Complaint is deficient, Plaintiff requests that this Court grant him leave to amend.**

If this Court should determine that Plaintiff's Complaint requires more specificity or other modification, Plaintiff requests that this Court grant him leave to amend. The Sixth Circuit has stated, "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *United States* ex rel. *Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (citations omitted). Moreover, in *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509 (6th Cir. 2001) the court reiterated that "[l]eave to file an amended complaint 'shall be freely given when justice so requires,' and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility."

Therefore, contrary to Defendants' contentions, if this Court finds that Plaintiff did not plead with sufficient specificity or with adequacy as to any particular claim, Plaintiff respectfully requests that this Court grant him leave to amend.

## <u>CONCLUSION</u>

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court

**DENY** Defendants' motion for the reasons set forth above.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Dated:  July 22, 2021

### <u>PROOF OF SERVICE</u>

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 22, 2021**, via:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☐ Other:  Mi-FILE Truefiling |
| ☒ ECF System | ☐ Email |

/s/ *Melinda S. Morisset*

Page **24**